# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAVID ROLAND,**

        **Plaintiff,**

**v.**                                               **Case No:  6:12-cv-1269-Orl-18DAB**

**CATHERINE ROLAND,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:   MOTION:   PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 3)**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.
>
> **MOTION:   MOTION:   PLAINTIFF'S MOTION TO APPOINT COUNSEL (Doc. No. 2)**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff David Roland, a prisoner, seeks to proceed in this action *in forma pauperis*. In order to proceed this way, Plaintiff must allege a non frivolous cause of action within the limited jurisdiction of the federal courts. Plaintiff's complaint is not clear as to the federal basis (if any) for the relief sought and cites a state statute governing trusts.

Plaintiff filed suit in this Court against his sister, whom he alleges served as trustee on a

revocable trust he created in 2009.  Plaintiff alleges that his sister has failed to account under Florida Statute § 736.1001 for approximately $80,000 that was entrusted to her.  Section 736.1001 sets forth for remedies for breach of trust by a trustee.  Fla. Stat. § 736.1001(1).  The only *federal* statute cited by Plaintiff governs Employee Retirement Income Security Programs and is completely unrelated to private revocable trusts.  It is clear that Plaintiff has not raised any *federal* issue regarding the trust that can be heard in this Court.  Plaintiff's remedies must lie, if at all, with the state courts which have general jurisdiction to resolve tort and contract cases and probate matters.

Plaintiff has not alleged any other basis of federal jurisdiction, such as diversity, 28 U.S.C. § 1332, and it is not clear that such jurisdiction is plausible.  The pleadings suggest Plaintiff was a Florida resident prior to his incarceration in Georgia.  If so, Plaintiff has made no showing that the requisite diversity would exist as a basis for jurisdiction. *See Pierro v. Kugel*, 386 Fed.Appx. 308 (3d Cir. 2010) (domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment and must show "truly exceptional circumstances" to overcome the presumption); *Smith v. Cummings*, 445 F.3d 1254 (10th Cir. 2006).  In addition, although Plaintiff suggests that some $79,000 may not be properly accounted for, he has not alleged that the amount actually in controversy is anything close to that amount and has failed to make adequate allegations of fact to establish the jurisdictional threshold of $75,000 is met here.

Plaintiff also seeks to have counsel appointed.  "There is no right to counsel in a civil proceeding." *United States v. 817 N.E. 29th Drive*, 175 F.3d 1304, 1311 n. 14 (11th Cir.1999) (denying counsel in a civil forfeiture case).  Absent an established right to counsel, the Court declines to accommodate Plaintiffs' request. It is recommended that Plaintiff's Motion to Appoint Counsel (Doc. 2) be **DENIED**.

It is recommended that Plaintiff's application be **DENIED** and that the action be dismissed if Plaintiff fails to pay the required filing fee within 14 days from the date of any Order adopting or affirming this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on August 22, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Unrepresented Parties